17 F.3d 1435
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Under SEAL, Plaintiff-Appellee,
v.
Under SEAL, Defendant-Appellant.
 No. 93-1495.
 United States Court of Appeals, Fourth Circuit.
 Argued: December 10, 1993.
Decided: February 23, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis III, District Judge. (CA-92-338-A)
 John Michael Bredehoft, Charleson & Bredehoft, P.C., Fairfax, Virginia, for Appellant.
 Stephen William Robinson, McGuire, Woods, Battle & Boothe, Washington, D.C.; James Severson, McCutchen, Doyle, Brown & Enersen, San Francisco, California, for Appellee.
 Elaine C. Bredehoft, Charleson & Bredehoft, P.C., Fairfax, Virginia, for Appellant.
 E.D.Va.
 AFFIRMED
 Before WIDENER, MURNAGHAN, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 X Corporation filed suit against its former in-house counsel, John Doe, seeking to require him to return approximately 4,300 pages of documents he removed from X Corp. when he left his employ as in-house counsel and to require him to maintain the confidences he had learned from X Corp. as its lawyer. John Doe's employment contract required such return and maintenance of confidences. John Doe counterclaimed, alleging that X Corp.'s firing of him was in retaliation for his having taken acts in furtherance of a qui tam action under the False Claims Act.
 
 
 2
 The district court dismissed John Doe's counterclaim, and he has not appealed that ruling. Rather, he has appealed the district court's ruling permanently enjoining him from revealing information he acquired during the period of employment by X Corp.
 
 
 3
 The issues presented by John Doe's appeal are:
 
 
 4
 1. Was the district court's application of Virginia law rather than Pennsylvania law proper?
 
 
 5
 2. Was the district court correct in determining on summary judgment that the evidence demonstrated that no reasonable attorney would believe that the information available to John Doe clearly established fraud on the part of X Corp.?
 
 
 6
 3. Was the district court's award of injunctive relief in favor of X Corp. appropriate?
 
 
 7
 The opinion of the district court has thoroughly investigated the relevant facts and reached the right conclusions of law. X Corp. v. Doe, 805 F.Supp. 1298 (E.D. Va.1992).* The record and opinion in the district court were ordered to be sealed, and we, finding confidentiality to be justified, do the same with respect to the record on appeal. All three of the issues presented were answered by the district court in the affirmative and we come to the same conclusions.
 
 Judgment is accordingly
 
 8
 AFFIRMED.
 
 
 
 *
 In particular, it was clear that, while John Doe was qualified as a lawyer in Pennsylvania, at the time he was terminated by X Corp. and for some time previously, he was an X Corp. employee in Virginia